UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/27/11

ANGELA ELLIS,

                Plaintiff,

- against -

ASSET PROTECTION & SECURITY SERVICES, LP,

                Defendant.

09 Civ. 6555 (RJH)

**MEMORANDUM OPINION AND ORDER**

Richard J. Holwell, District Judge:

    Defendant Asset Protection & Security Services, LP ("APSS") moves for discovery sanctions pursuant to Fed. R. Civ. P. 37 against plaintiff Angela Ellis ("Ellis"). Specifically, APSS requests that Ellis be precluded from introducing evidence to support her claims of damages at trial and for reasonable costs and associated with Ellis's failure to provide evidence of damages. On December 24, 2009, APSS served interrogatories upon Ellis, one of which requested that Ellis provide a detailed basis for her damages claim, including specific calculations.[1] (Bailey Decl. ¶¶ 4-5.) On September 22, 2010, the Court scheduled a status

---

[1] Interrogatory # 19 reads as follows:
    19. State the amount of general and compensatory damages Plaintiff is seeking to recover in this lawsuit. As to said amount:
        a. Set forth the specific manner (step by step to conclusion) by which the figure stated above was calculated;
        b. Set forth the facts or data on which such calculation is based;
        c. Separately identify the source of each fact or datum on which the calculations set forth above in response to subpart (a) are based; and

1

teleconference for October 6, 2010 at the request of APSS to discuss Ellis's complete failure to respond to interrogatories. On the eve of this conference on October 5, 2010, Ellis finally responded to APSS interrogatories. With regards to her damages award, Ellis merely stated, "Plaintiff is entitled to recovery for back, pay [sic], front pay and damages for pain and suffering..[sic]" (Bailey Decl. Ex. B.)

On October 6, 2010, the Court held a status teleconference in an effort to resolve the parties' discovery dispute. The Court issued an order the same day memorializing the Court's oral directives made during the teleconference. (09 Civ. 6555, Dkt. 15.) Most pertinent here, the Court ordered Ellis to provide specification of damages by October 20, 2010. (*Id.*)

On October 20, 2010, Ellis provided APSS with a supplemental response to APSS's interrogatories. Bailey Decl. Ex. C.) This response further specified, "Plaintiff seeks back pay in the amount of $77,120. Plaintiff seeks front pay in the amount of $115,680. Plaintiff seeks damages for pain and suffering in the amount of $200,000." (*Id.*) Despite providing specific numbers as to how much money she was owed in front pay and back pay, Ellis failed to provide any information regarding the calculation of such amounts as explicitly requested in defendant's interrogatories.

On November 2, 2010, APSS sent a letter to the Court requesting permission to move for preclusion of evidence of damages. On November 18, 2010, the Court granted permission to so file. On December 3, 2010, APSS filed the present motion. Pursuant to Local 6.1(a), any opposition to motions filed pursuant to Rule 37 are to be served within seven days after service of the moving papers. Ellis did not file her opposition within seven days as required by local rule. Instead, she filed her opposition on January 25, 2011, on the eve of a status conference

---

        d. Identify each and every document referred to or related to your response to subpart (a), (b) and (c).
(Bailey Decl., Ex. A.)

with the Court. In this opposition, Ellis did not provide a more detailed calculation of her proposed damages award, nor did she provide any justification for her terse response to APSS's interrogatories. Instead, she stated in conclusory terms that she believed her earlier response was sufficient. It clearly was not.

Rule 37(b)(2) directs a court to "make such orders in regard to the failure as are just," including, *inter alia,* striking the party's pleading, precluding the introduction of certain evidence, or dismissing the action or rendering a judgment by default. Fed. R. Civ. P. 37(b)(2). Additionally, the court must impose reasonable expenses and attorney's fees on the disobedient party "unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2).

"In deciding whether to impose sanctions under Rule 37, the Court considers the following factors: '(1) the willfulness of the noncompliant party or the reasons for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the noncompliant party had been warned of the consequences of his noncompliance.'" *Nieves v. City of New York,* 208 F.R.D. 531, 535 (S.D.N.Y. 2002) (citing *Bambu Sales, Inc. v. Ozak Trading Inc.,* 58 F.3d 849 (2d Cir. 1995)); *accord Agiwal v. Mid Island Mortg. Corp.,* 555 F.3d 298, 302-03 (2d Cir. 2009).

The harsher remedies, such as preclusion of certain evidence, while permitted under Rule 37, "should be imposed only in rare situations . . . ." *Update Art, Inc. v. Modiin Publ'g, Ltd.,* 843 F.2d 67, 71 (2d Cir.1988). "Such a severe sanction is justified when the failure to comply with a court order is due to willfulness or bad faith, or is otherwise culpable." *Izzo v. ING Life Ins. & Annuity Co.,* 235 F.R.D. 177, 186 (E.D.N.Y. 2005) (internal quotations omitted).

APSS has requested that Ellis be precluded from introducing evidence at trial to support her claim of damages. The Court hesitates to impose this remedy because the majority of the burden will be felt by Ellis herself, while it appears that much of the fault lies with her attorney. When a client hires an attorney, she put herself in his hands and relies upon his counsel with regards to the mechanics of litigating a suit. Stephen C. Jackson, Ellis's attorney, may have failed her in responding to interrogatories. Alternately, plaintiff may have failed to cooperate sufficiently with her counsel. In any event, the Court is persuaded that any other result would unfairly disadvantage APSS. APSS first requested a specific basis for a damages award nearly a year and a half ago. Ellis did not respond with thirty days as required by Rule 33(b)(2), but rather more than nine months later. Her first response was completely inadequate. Her specification of damages in response to a specific Court order was little better. Moreover, defendant was prevented from seeking the information by alternatve means as plaintiff failed on more than one occasion to appear for her deposition. When put on notice that APSS would be seeking discovery sanctions, Ellis did nothing to supplement her response. Even after APSS moved for sanctions, Ellis responded only on the eve of a status conference, nearly a month and a half after her opposition was due, and her opposition papers did not explain why her answer was sufficient or provide any further information. In other words, whether on account of the failures of Mr. Jackson or of Ellis herself, Ellis's lengthy noncompliance with the Court's order suggests that lesser sanctions would not be effective because Ellis has had numerous opportunities to come into compliance and has failed to do so. For this reason, the Court is granting APSS's motion to preclude evidence of damages. APSS's motion for costs is denied.

**SO ORDERED.**

Dated: New York, New York

September **27**, 2011

                                                      Richard J. Holwell

                                                      United States District Judge